IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MATTHEW CONTE, | ) | |
|---|---|---|
| | ) | CIVIL ACTION NO. 3:14-225 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| JOSE R. RIOS, RANDY RUEDIGER, | ) | |
| MIDDLESEX TOWNSHIP, DAVID | ) | |
| WELLINGTON, MARS BOROUGH, | ) | |
| OFFICER ANDRA SCHMID, ADAMS | ) | |
| TOWNSHIP, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I.      Introduction

This civil rights action arises from the injuries Plaintiff sustained after Defendant

Jose Rios' vehicle collided with Plaintiff's vehicle during a high-speed police pursuit.

Plaintiff has asserted various civil rights claims against Defendants, alleging violations of

the Fourteenth Amendment to the Constitution, as well as state law claims.   Presently

before the Court are Defendants' motion to dismiss the complaint and motions to dismiss

the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF Nos.

7, 30, 32, 34)[1] Having reviewed the motions and briefs, along with the applicable law, and

for the reasons explained below, Defendants' motions to dismiss at ECF Nos. 7, 30, and 32

---

[1] ECF No. 7 is a motion to dismiss Plaintiff's complaint filed by Defendants Randy Ruediger and Middlesex Township. ECF No. 30 is a motion to dismiss Plaintiff's amended complaint filed by Defendants Ruediger and Middlesex Township.  ECF No. 32 is a motion to dismiss Plaintiff's amended complaint filed by Defendants David Wellington and Mars Borough.  ECF No. 34 is a motion to dismiss Plaintiff's amended complaint filed by Defendants Andra Schmid and Adams Township.

are **DENIED**, and Defendants' motion to dismiss at ECF No. 34 is **GRANTED**.  However,

Plaintiff will be granted leave to file an amended complaint as set forth in the Order.

## II.      Jurisdiction

The Court has jurisdiction over the federal constitutional claims pursuant to 28

U.S.C. § 1331, 1343(a)(3) and (4), and 42 U.S.C. § 1983.  The Court has supplemental

jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  Venue is proper under

28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to the claims

occurred in the Western District of Pennsylvania.

## III.     Background

This case involves injuries Plaintiff sustained after Defendant Rios' vehicle

collided with his vehicle.  The following facts are alleged in the amended complaint,

which the Court will accept as true for the sole purpose of deciding the pending motions.

On June 17, 2013, Defendant Ruediger of the Middlesex Township Police

Department encountered Defendant Rios sitting inside his vehicle, which was stationary

along a public street.  (ECF No. 26 ¶¶ 15-16.)  For reasons unknown to Plaintiff, Defendant

Ruediger initiated contact with Defendant Rios and falsely suggested he was a criminal

suspect.  (*Id.* ¶¶ 18-19.)  Defendant Rios fled in his vehicle, and Defendant Ruediger

initiated a pursuit.  (*Id.* ¶¶ 20-21.)  Defendant Wellington of Mars Borough Police

Department and Defendant Schmid of Adams Township Police Department joined the

pursuit, with Defendant Ruediger primarily in the lead position and Defendant

Wellington occasionally assuming the lead position.  (*Id.* ¶¶ 22, 24.)  Upon Plaintiff's

information and belief, none of the officers had reason to believe Defendant Rios had committed a crime or was a danger to others.  (*Id.* ¶ 23.)

The pursuit, which began in Middlesex Township, continued through Adams Township and Richland Township before ending in a collision in Gibsonia.  (*Id.* ¶ 25.) The pursuit was conducted at high rates of speed in residential and commercial areas.  (*Id.* ¶ 26.)  According to police records, the pursuit reached speeds of 110-120 miles per hour, and Defendant Ruediger considered terminating it.  (*Id.* ¶¶ 26-27.)  Defendants continued the pursuit through a heavily trafficked shopping area, and Defendant Rios' vehicle struck Plaintiff's vehicle while he was stopped at a red light in a commercial area with a speed limit of 45 miles per hour.  (*Id.* ¶¶ 28-30.)  Plaintiff's left leg was nearly severed, and he sustained multiple broken bones, deep tissue wounds, and bone loss.  (*Id.* ¶ 61.) Plaintiff underwent extensive surgeries, bone grafts, and rehabilitative therapy.  (*Id.* ¶ 62.)

Defendant Middlesex Township's policies provide that a high-speed pursuit should be terminated if it exposes any officer, member of the public, or suspect to unnecessary risks, especially if heavy traffic, highly congested areas, or erratic driving is involved.  (*Id.* ¶¶ 39-40.)  Defendant Mars Borough's policies provide that each officer has the authority to terminate a pursuit based on danger and that an officer should terminate a chase when "the hazards of exposing the officer and the public to unnecessary dangers are higher than the degree of crime committed by the pursued."  (*Id.* ¶¶ 42-44.) Defendant Adams Township's policies provide that pursuits are disfavored for minor incidents and limits the use of pursuits to the most serious of circumstances.  (*Id.* ¶¶ 46-47.)

Defendant Rios was charged with and convicted of aggravated assault by a motor vehicle, and he was sentenced to three to six years of incarceration in state prison. (*Id.* ¶ 34.) All charges relating to Defendant Rios' alleged acts of fleeing or eluding the police were dismissed. (*Id.* ¶ 35.)

Plaintiff commenced this action by filing a six-count complaint on October 20, 2014, which he amended on December 15, 2014. (ECF Nos. 1, 26.) Count I asserts a claim against Defendants Ruediger, Wellington, and Schmid for violating Plaintiff's rights to bodily integrity and to be free from injury by law enforcement under the Fourteenth Amendment to the Constitution. (ECF No. 26 ¶¶ 64-74.) Count II asserts a claim against Defendant Middlesex Township for failure to train Defendant Ruediger. (*Id.* ¶¶ 75-79.) Count III asserts a claim against Defendant Mars Borough for failure to train Defendant Wellington. (*Id.* ¶¶ 80-85.) Count IV asserts a claim against Defendant Adams Township for failure to train Defendant Schmid. (*Id.* ¶¶ 86-90.) Count V asserts a state law claim for negligence against Defendants Ruediger, Middlesex Township, Wellington, Mars Borough, Schmid, and Adams Township. (*Id.* ¶¶ 91-97.) Count VI asserts a state law claim for negligence against Defendant Rios. (*Id.* ¶¶ 98-102.)

Defendants Ruediger, Middlesex Township, Wellington, Mars Borough, Schmid, and Adams Township now move to dismiss the complaint and amended complaint. (ECF Nos. 7, 30, 32, 34.) The parties have fully briefed the Court on the pending motions (*see* ECF Nos. 8, 31, 33, 35, 38, 43, and 44), and this matter is now ripe for adjudication.

## IV.     Standard of Review

Defendants move to dismiss the amended complaint pursuant to Rule 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Rule 12(b)(6) allows a party to seek dismissal of a complaint or any portion of a complaint for failure to state a claim upon which relief can be granted.  Although the federal pleading standard has been "in the forefront of jurisprudence in recent years," the standard of review for a Rule 12(b)(6) challenge is now well established.  *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 209 (3d Cir. 2009).

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis.  First, the court must separate the factual matters averred from the legal conclusions asserted.  *See Fowler*, 578 F. 3d at 210.  Second, the court must determine whether the factual matters averred are sufficient to show that plaintiff has a "'plausible claim for relief.'"  *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  The complaint need not include "'detailed factual allegations.'"  *Phillips v. County of Allegheny*, 515 F. 3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party.  *See id*. at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F. 3d 651, 653 (3d Cir. 2003)).  However, "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice."  *Iqbal*, 556 U.S. at 678.  Rather, the complaint must present sufficient "'factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sheridan v. NGK Metals Corp.*, 609 F. 3d 239, 262 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has shown a "plausible claim for relief" is a "context-specific" inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral to or explicitly relied upon in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F. 3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F. 3d 1410, 1426 (3d Cir. 1997)). If a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F. 3d at 236; *see also Shane v. Fauver*, 213 F. 3d 113, 115 (3d Cir. 2000).

## V. Discussion

As discussed above, Plaintiff filed his complaint on October 20, 2014, which he amended on December 15, 2014. (ECF Nos. 1, 26.) Defendants Ruediger and Middlesex Township filed a motion to dismiss Plaintiff's initial complaint on November 12, 2014. (ECF No. 7.) Because Plaintiff has since amended his complaint, the Court will deny Defendants Ruediger and Middlesex Township's first motion to dismiss as moot.

Defendants Ruediger, Middlesex Township, Wellington, Mars Borough, Schmid, and Adams Township have filed three motions to dismiss the amended complaint, each

arguing that Plaintiff failed to plead sufficient facts supporting a plausible claim that Defendants intended to injure Plaintiff; that Defendants Ruediger, Wellington, and Schmid are entitled to qualified immunity; that Plaintiff failed to allege facts sufficient to support his failure-to-train claims against Defendants Middlesex Township, Mars Borough, and Adams Township; and that any claims for punitive damages against Defendants Middlesex Township, Mars Borough, and Adams Township must be dismissed. Defendants Ruediger, Middlesex Township, Schmid, and Adams Township further request that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims contained in Counts V and VI of the amended complaint.

In response, Plaintiff requests that the Court dismiss, without prejudice, Count I as to Defendant Schmid and Count IV as to Adams Township. (ECF No. 43 at 1.) Plaintiff also concedes that, pursuant to 42 U.S.C. § 1983, punitive damages may not be awarded against municipal bodies and therefore consents to the dismissal of any claims for punitive damages against Defendants Middlesex Township and Mars Borough. (ECF Nos. 38 at 11, 44 at 6.) However, Plaintiff argues that the amended complaint adequately alleges facts supporting his remaining claims and asserts that Defendants Ruediger and Wellington are not entitled to qualified immunity.

As a result of Plaintiff's response, the Court will dismiss Count I of Plaintiff's amended complaint as to Defendant Schmid with leave granted to Plaintiff to file a second amended complaint after fact discovery is completed. The Court will also dismiss Count IV of Plaintiff's amended complaint with leave granted to Plaintiff to file a second amended complaint after fact discovery is completed. The Court will dismiss, with

prejudice, all claims for punitive damages against Defendants Middlesex Township, Mars Borough, and Adams Township.[2]

### A. Counts I through III – 42 U.S.C. § 1983 Claims

In Counts I through III of the amended complaint, Plaintiff alleges violations of his rights pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Tatsch-Corbin v. Feathers*, 561 F. Supp. 2d 538, 543 (W.D. Pa. 2008) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Plaintiff has asserted two distinct, though related, claims under 42 U.S.C. § 1983. First, Plaintiff asserts a claim alleging Defendants Ruediger and Wellington violated his Fourteenth Amendment rights to bodily integrity and to be free from injury by law enforcement. Second, Plaintiff asserts claims that Defendants Middlesex Township and Mars Borough failed to train their officers. Both claims are premised on allegations that Defendants Ruediger and Wellington did not terminate the high-speed pursuit that resulted in Plaintiff's injuries. The Court will separately evaluate Plaintiff's claim under the legal principles that apply to claims under 42 U.S.C. § 1983, as stated above.

---

[2] Because Plaintiff requested that the Court dismiss only Count IV as to Adams Township, he does not expressly concede that punitive damages may not be awarded against Adams Township. (*See* ECF No. 43.) Plaintiff seeks punitive damages against Adams Township in Count V of his amended complaint. (ECF No. 26 ¶¶ 91-97.) Because Plaintiff has conceded that punitive damages may not be awarded against a municipal body, all claims for punitive damages against Adams Township will be dismissed.

### 1. Count I – Fourteenth Amendment Due Process Violations

In Count I of the amended complaint (ECF No. 26 ¶¶ 64-74), Plaintiff alleges that Defendants Ruediger and Wellington violated his Fourteenth Amendment constitutional right to bodily integrity and to be free from injury by law enforcement. Defendants argue that Plaintiff failed to allege sufficient facts to establish that their conduct "'shocks the conscience.'" (ECF No. 31 at 4 (quoting *Miller v. City of Philadelphia*, 174 F.3d 368, 374-75 (3d Cir. 1999)); ECF No. 33 at 5 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998)).) Relying upon *Lewis*, Defendants assert that this standard requires Plaintiff to allege facts demonstrating that they intended to injure him.

In response, Plaintiff argues that "the determination of whether police conduct 'shocks the conscience' depends on the facts and circumstances of a particular case" and notes that *Lewis* was decided in the context of a motion for summary judgment, after discovery had been completed. (ECF No. 38 at 5.) Plaintiff distinguishes the cases upon which Defendants rely, asserting that they involved dangerous circumstances necessitating high-speed pursuits.

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV. Although the text of the Due Process Clause refers only to the "process" through which a person is deprived of a constitutionally-protected liberty or property interest, the Supreme Court has declared that the constitutional provision "guarantees more than fair process." *Washington v. Glucksberg*, 521 U.S. 702, 719 (1997). The Due Process Clause has been construed to prohibit "certain government actions

9

regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). "In this respect, the Fourteenth Amendment *substantively* prohibits a State from 'abusing governmental power' or 'employing it as an instrument of oppression.'" *Douglas v. Brookville Area Sch. Dist.*, 836 F. Supp. 2d 329, 350 (W.D. Pa. 2011) (emphasis in original) (quoting *Davidson v. Cannon*, 474 U.S. 344, 348 (1986)). "When government action depriving a person of life, liberty, or property survives substantive due process scrutiny, it must still be implemented in a fair manner." *United States v. Salerno*, 481 U.S. 739, 746 (1987). The essential requirements of *procedural* "due process" are "notice and an opportunity to respond." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). The "due process" required under the Fourteenth Amendment "is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

Contrary to Defendants' arguments, Plaintiff's amended complaint sufficiently states a plausible claim for relief. As Plaintiff argues, the cases upon which Defendants rely in support of their arguments were in the context of motions for summary judgment. Defendant Ruediger cites to only one non-binding case — *Levy v. City of Hollywood*, 90 F. Supp. 2d 1344 (S.D. Fla. 2000) — that was decided in the context of a motion to dismiss. Similarly, Defendant Wellington cites to only one non-binding case — *LaBar v. Alercia*, No. 09-CV-4182, 2010 WL 3855268 (E.D. Pa. Sept. 30, 2010) — that was decided in the context of a motion to dismiss. The courts in both *Levy* and *LaBar* based their decisions upon *Lewis*, before discovery began. *See Levy*, 90 F. Supp. 2d at 1346; *LaBar*, 2010 WL 3855268, at *5-6. Additionally, both cases involved a different set of circumstances, and, as the

Supreme Court stated in *Lewis*, "[d]eliberate indifference that shocks in one environment may not be so patently egregious in another, and our concern with preserving the constitutional proportions of substantive due process demands an exact analysis of circumstances." *Lewis*, 523 U.S. at 850. It is therefore appropriate to address Defendants' arguments after discovery has been completed.

Moreover, Plaintiff has sufficiently alleged that Defendants' conduct "shocks the conscience and amounts to a reckless, callous, and deliberate indifference to [Plaintiff]'s federally protected rights." (ECF No. 26 ¶ 69.) Specifically, Plaintiff avers that "Defendants, after sufficient time for deliberation and in violation of established policy, knowingly operated their vehicles at excessively high rates of speed, in essence compelling [Defendant Rios] to travel erratically and at dangerously high speeds, causing him to lose control of his vehicle and violently collide with Plaintiff." (*Id.* ¶ 72.) Plaintiff further alleges that "Defendants' conduct constitutes a malicious abuse of authority unmotivated by a legitimate governmental interest, in that their actions did nothing to thwart or stop a vehicle pursuit," and "because of their aggressive unreasonable conduct, they created the only scenario by which the chase could conclude: a vehicle collision on a high trafficked road." (*Id.*) Thus, because Plaintiff has sufficiently pleaded his claim, the Court will address Defendants' arguments, should they again raise them on summary judgment, at the close of discovery. *See, e.g., Boyle v. City of Liberty*, 833 F. Supp. 1436, 1449 (W.D. Mo. 1993) (denying motion to dismiss because the facts necessary to determine whether the officers' action was reasonable were "not yet before the court, and await[ed] development during discovery").

Arguing in the alternative, Defendants Ruediger and Wellington contend that they are entitled to qualified immunity. (ECF No. 31 at 6-8; ECF No. 33 at 9-11.) Qualified immunity is an affirmative defense available to government officials sued in their personal capacities, and for which the defendants have the burden of proof. *See Brown v. Cwynar*, 484 F. App'x 676, 680 (3d Cir. 2012). It is intended to "shield government officials performing discretionary functions, including police officers, 'from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "An officer is entitled to qualified immunity if he meets at least one of a two prong inquiry." *Patrick v. Moorman*, 536 F. App'x 255, 259-60 (3d Cir. 2013). The first prong asks whether there is a constitutional violation, and the second prong asks whether the constitutional right was clearly established. *Id.* at 260; *Reedy v. Evanson*, 615 F.3d 197, 223-24 (3d Cir. 2010).

While the Supreme Court has directed courts to address the issue of qualified immunity at the "earliest possible stage in the litigation," *Hunter v. Bryant*, 502 U.S. 224, 227 (1991), a full analysis of whether qualified immunity applies in the instant case is difficult based on the undeveloped record presently before the Court. *See Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009) (cautioning that it is "generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases"). Here, the Court has already concluded that Plaintiff has alleged sufficient facts in his amended complaint to state a

plausible claim for relief and has established a constitutional violation on the facts alleged. *Doe v. Groody*, 361 F.3d 232, 237 (3d Cir. 2004) (explaining that to determine whether immunity is lost, a court must decide "whether a constitutional right would have been violated on the facts alleged") (internal quotations omitted). Also, the facts alleged in the amended complaint, taken as true, show that Plaintiff's constitutional "interest in bodily security was clearly significant." *Boyle*, 833 F. Supp. at 1449; *see also Spencer v. City of W. Palm Beach*, No. 15-CV-80019, 2015 WL 4651089, at *3 (S.D. Fla. Aug. 4, 2015) (denying motion to dismiss based on qualified immunity because "it is now clearly established that an officer violates the Fourteenth Amendment during a high-speed pursuit when he operates his vehicle with the sole purpose of causing injury").

Determining whether Defendants' actions shock the conscience is a fact-specific inquiry; thus, "[t]he determination of the issue at this point would be premature." *Boyle*, 833 F. Supp. at 1449-50; *Phillips*, 515 F.3d at 242 n.7 ("A decision as to qualified immunity is 'premature when there are unresolved disputes of historical facts relevant to the immunity analysis.'") (quoting *Curley v. Klem*, 298 F.3d 271, 278 (3d Cir. 2002)). Accordingly, the Court will defer its consideration of whether Defendants Ruediger and Wellington are entitled to qualified immunity, without prejudice to Defendants raising the defense at a later stage in this litigation. *See Zion v. Nassan*, 727 F. Supp. 2d 388, 404 (W.D. Pa. 2010).

### 2. Counts II and III – Failure to Train

In Counts II and III of the amended complaint (ECF No. 26 ¶¶ 75-85), Plaintiff alleges that Defendants Middlesex Township and Mars Borough violated 42 U.S.C. § 1983 by failing to train Defendants Ruediger and Wellington. Defendants argue that Plaintiff asserts a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and fails to allege facts sufficient to establish that Defendants Ruediger and Wellington committed substantive due process violations in furtherance of the policies of Defendants Middlesex Township and Mars Borough. Defendants also claim that Plaintiff's amended complaint fails to identify any policies or customs of Defendants Middlesex Township and Mars Borough that encourage officers to engage in high-speed pursuits.

In response, Plaintiff argues Defendants incorrectly characterize his failure-to-train claims as *Monell* claims, explaining that his claims are based upon Defendants' failure to properly train Defendants Ruediger and Wellington to conform to each department's policy requiring the termination of unreasonably dangerous pursuits. Relying upon *Fagan v. City of Vineland*, 22 F.3d 1283, 1292 (3d Cir. 1994), Plaintiff contends that a municipality may be liable if it implemented a policy of inadequate training, causing an officer to unsafely conduct a pursuit.

"[A] municipality's failure to train police officers only gives rise to a constitutional violation when that failure amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Montgomery v. De Simone*, 159 F.3d 120, 126-27 (3d Cir. 1998). A failure to train can form the basis for § 1983 municipal liability only if "the plaintiff can show both contemporaneous knowledge of the offending incident or

14

knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." *Id.* at 127 (citing *Bonenberger v. Plymouth Township*, 132 F.3d 20, 25 (3d Cir. 1997)).

Contrary to Defendants' arguments, Plaintiff's amended complaint sufficiently states a plausible claim for relief. Here, Plaintiff identifies a policy or custom, namely that the Defendants Middlesex Township and Mars Borough encouraged their respective officers to terminate high-speed pursuits exposing any officer, member of the public, or suspect to unnecessary risks. (ECF No. 26 ¶¶ 36-44.) Moreover, the amended complaint explicitly states that Defendants Ruediger's and Wellington's failure to adhere to Defendants Middlesex Township's and Mars Borough's policies "resulted from inadequate training" and "evidences that the need for more or different training was so obvious and so likely to lead to the violation of Plaintiff's constitutional rights such that the policymaker's failure to do so amounts to deliberate indifference." (*Id.* ¶¶ 78-79, 84-85.)

Plaintiff links Middlesex Township's and Mars Borough's policies to the following facts. Plaintiff avers, upon his information and belief, that Defendant Rios was not engaged in any suspicious or illegal activity when Defendant Ruediger approached him. (*Id.* ¶¶ 17-18.) Plaintiff further alleges that Defendant Ruediger initiated a pursuit "[d]espite the fact that there was no basis to believe or suggest that [Defendant] Rios had committed a crime or . . . was a danger" and that "none of the officers involved in the

pursuit had any reason to believe that [Defendant] Rios had committed a crime or was a danger to others." (*Id.* ¶¶ 21, 23.)

In describing the pursuit, Plaintiff avers that Defendant Wellington "called out high speed over the radio," and Defendant Ruediger considered terminating the pursuit. (*Id.* ¶ 27.) Defendant Ruediger stated that he "would check with Northern Regional Police to see if [the department] wanted to proceed with the pursuit," but he "instead decided to proceed." (*Id.*) Plaintiff alleges that although the pursuit continued through a commercial shopping area, "with at least one officer being 'trapped in traffic,'" the officers "acted intentionally and willfully by choosing to maintain an illegal and dangerous pursuit." (*Id.* ¶¶ 28-29.)

Defendant Middlesex Township asserts that Plaintiff's claim should be dismissed because Plaintiff "alleges only one incident allegedly caused by an officer subject to the Middlesex police pursuit police," (ECF No. 31 at 12), and Defendant Mars Borough argues that "Plaintiff has only alleged that one Mars Borough police officer on one occasion . . . failed to follow the departmental pursuit policy," (ECF No. 33 at 14). While Plaintiff may be unable to ultimately prevail on his claims, that determination is not presently before the Court. Instead, the Court need only test the legal sufficiency of the allegations in the amended complaint. Here, "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Jankowski v. Lellock*, No. 2:13-CV-194, 2013 WL 5945782, at *5 (W.D. Pa. Nov. 6, 2013) (quoting *Fowler*, 578 F.3d at 211; *Iqbal*, 556 U.S. at 678); *see also McNeill v. Borough of Folcroft*, No. 13-CV-3592, 2013 WL 6158725, at *4 (E.D. Pa. Nov. 22, 2013) (denying motion to dismiss because the plaintiffs adequately pleaded

the defendant "maintained a policy of not instructing [the] officers on the proper conduct of high-speed chases") (citing *Fagan*, 22 F.3d at 1292).   Accordingly, the Court will deny Defendants Ruediger and Middlesex Township's motion to dismiss Count II and Defendants Wellington and Mars Borough's motion to dismiss Count III.

### B.   Counts V and VI – State Law Claims for Negligence

In addition to his federal claims, Plaintiff has brought a state law negligence claim against Defendants Ruediger, Middlesex Township, Wellington, Mars Borough, Schmid, and Adams Township.   He has also brought a state law negligence claim against Defendant Rios.   Defendants Ruediger, Middlesex Township, Schmid, and Adams Township have requested that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

A district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it had original jurisdiction.   28 U.S.C. § 1367(c)(3).   Because the Court has not dismissed all claims over which it has original jurisdiction, Defendants' request will be denied.

### D.  Punitive Damages

In Counts II, III, and V, Plaintiff seeks punitive damages against Defendants Middlesex Township, Mars Borough, and Adams Township.  (ECF No. 26 ¶¶ 75-85, 91-

97.)[3]  As discussed above, Plaintiff concedes that punitive damages may not be awarded against municipal bodies.  (ECF Nos. 38 at 11, 44 at 6.)

The law is well-settled that punitive damages may not be awarded against a municipality under § 1983.  *See, e.g., City of Newport v. Fact Concerts Inc.*, 453 U.S. 247 (1981); *Johnson v. City of Erie*, 834 F. Supp. 873, 878 (W.D. Pa. 1993).  Although Plaintiff has not conceded that punitive damages may not be awarded against Defendant Adams Township (*see* ECF No. 43), the Court will strike Plaintiff's demand for punitive damages against the township *sua sponte* pursuant to Federal Rule of Civil Procedure 12(f)(1).  *See Rosky v. Plum Borough*, No. 09-CV-1051, 2010 WL 1904339, at *2 (W.D. Pa. May 10, 2010). Accordingly, the Court will dismiss all claims for punitive damages against Defendants Middlesex Township, Mars Borough, and Adams Township.

### D.  Leave to Amend

The law is well settled that, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile."  *Phillips*, 515 F. 3d at 245.  Likewise, Federal Rule of Civil Procedure 15 embodies a liberal approach to amendment and directs that "leave shall be freely given when justice so requires" unless other factors weigh against such relief.  *Dole v. Arco Chem. Co.*, 921 F. 2d 484, 486-87 (3d Cir. 1990). Factors that weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

---

[3] Plaintiff also seeks punitive damages against Adams Township in Count IV of his amended complaint.  (*Id.* ¶¶ 86-90.)  However, as discussed above, Plaintiff has requested that the Court dismiss, without prejudice, Count IV.  (ECF No. 43 at 1.)

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F. 3d 107, 121 (3d Cir. 2000). A district court may therefore "properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Centifanti v. Nix*, 865 F. 2d 1422, 1431 (3d Cir. 1989); *Davis v. Holder*, 994 F. Supp. 2d 719, 727 (W.D. Pa. 2014). In light of these legal principles favoring the opportunity to amend a deficiently pleaded complaint, the Court will grant Plaintiff leave to amend Count I as to Defendant Schmid and Count IV as to Adams Township except with respect to the punitive damages claim, should Plaintiff develop sufficient facts through discovery to support these claims.

## VI.     Conclusion

For the reasons stated above, the Court will deny as moot Defendants' motion to dismiss Plaintiff's complaint and will grant in part and deny in part Defendants' motions to dismiss Plaintiff's amended complaint. The Court will grant Plaintiff leave to amend his complaint at the close of discovery as set forth in the Order.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW CONTE, | ) | |
| | ) | **CIVIL ACTION NO. 3:14-225** |
| Plaintiff, | ) | |
| | ) | **JUDGE KIM R. GIBSON** |
| v. | ) | |
| | ) | |
| JOSE R. RIOS, RANDY RUEDIGER, | ) | |
| MIDDLESEX TOWNSHIP, DAVID | ) | |
| WELLINGTON, MARS BOROUGH, | ) | |
| OFFICER ANDRA SCHMID, ADAMS | ) | |
| TOWNSHIP, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this **27th** day of August 2015, upon consideration of the Defendants'
motions to dismiss (ECF Nos. 7, 30, 32, 34), and for the reasons set forth in the
accompanying memorandum, **IT IS HEREBY ORDERED** that Defendants' motions are
**GRANTED in part** and **DENIED in part** as follows:

(1) Defendants Randy Ruediger and Middlesex Township's motion to dismiss
Plaintiff's complaint (ECF No. 7) is **DENIED** as moot.

(2) Defendants Randy Ruediger and Middlesex Township's motion to dismiss
Plaintiff's amended complaint (ECF No. 30) is **DENIED**.

(3) Defendants David Wellington and Mars Borough's motion to dismiss
Plaintiff's amended complaint (ECF No. 32) is **DENIED**.

(4) Defendants Andra Schmid and Adams Township's motion to dismiss
Plaintiff's amended complaint (ECF No. 34) is **GRANTED in part** and
**DENIED in part**.  Count I of the amended complaint is dismissed as to

Defendant Andra Schmid, with leave to amend at the close of discovery. Count IV of the amended complaint is dismissed, with leave to amend at the close of discovery except with respect to the punitive damages claim. In all other respects, Defendants Andra Schmid and Adams Township's motion to dismiss Plaintiff's amended complaint is denied.

(5) All claims for punitive damages in Counts II, III, and V against Defendants Middlesex Township, Mars Borough, and Adams Township are dismissed, with prejudice, without leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff is granted 21 days from November 25, 2015, the date upon which discovery is to be completed, to file a second amended complaint.

BY THE COURT:

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**